O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ARNOLD GRAY, ) | Case No. EDCV 12-0831-DTB |
| Plaintiff, ) | |
| ) | ORDER REVERSING DECISION OF |
| vs. ) | COMMISSIONER AND REMANDING |
| ) | FOR FURTHER ADMINISTRATIVE |
| CAROLYN W. COLVIN, Acting ) | PROCEEDINGS |
| Commissioner of Social ) | |
| Security,[1] ) | |
| ) | |
| Defendant. ) | |

    Plaintiff filed a Complaint ("Complaint") on May 31, 2012, seeking review of the Commissioner's denial of his applications for Disability Insurance Benefits and Supplemental Security Income. In accordance with the Magistrate Judge's Case Management Order, the parties filed a Joint Stipulation ("Jt. Stip.") on March 18, 2013. Thus, this matter now is ready for decision.[2]

---

    [1] The Court hereby substitutes Carolyn W. Colvin, the Acting Commissioner of Social Security, as the proper defendant in this action. Fed. R. Civ. P. 25(d).

    [2] As the parties were advised in the Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record
(continued...)

1

**DISPUTED ISSUE**

As reflected in the Joint Stipulation, the disputed issue here is as follows:

1. Whether the Administrative Law Judge ("ALJ") properly considered plaintiff's subjective complaints and testimony and properly assessed plaintiff's credibility. (Jt. Stip. at 3.)

**DISCUSSION**

**I. Reversal is warranted based on the ALJ's assessment of plaintiff's credibility.**

Plaintiff complains the ALJ committed reversible error "in failing to properly consider the effects of [p]laintiff's need to frequently use the restroom for bowel movements and the accompanying urgency of those movements on his ability to sustain full time competitive employment." (Jt. Stip. at 4.)

Where the claimant has produced objective medical evidence of an impairment or impairments which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); see also Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Lester, 81 F.3d at 834; see also Dodrill, 12 F.3d at 918. Further, a

---

[2](...continued)
("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

credibility finding must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002). Factors that may be considered include: (1) The claimant's reputation for truthfulness; (2) inconsistencies in testimony or between testimony and conduct; (3) the claimant's daily activities; (4) an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment; and (5) testimony from physicians concerning the nature, severity, and effect of the symptoms of which the claimant complains. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); see also Thomas, 278 F.3d at 958-59. Moreover, the ALJ "may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." Bunnell, 947 F.2d at 346-347.

At the administrative hearing, the non-examining medical expert, Dr. Landau, testified that plaintiff had the following medical conditions: Colon cancer which was treated with radiation, chemotherapy, and surgery in 2007; chronic constipation; lower extremity periphery neuropathy; and degenerative disc disease, which was treated with lumbar laminectomy fusion in 2008. (AR 400-401.) Dr. Landau further testified as to plaintiff's office visits and emergency room admissions in 2007 and 2008 for abdominal pain, diarrhea, back pain, and constipation. (AR 401-403.) Dr. Landau testified there were no pathology records to support plaintiff's reports of urgent bowel movements, but acknowledged there was no evidence that plaintiff was exaggerating his symptoms or malingering. (AR 404.)

Plaintiff testified that he stopped working in 2003 when he was diagnosed with colon cancer. (AR 397.) He testified that his symptoms of urgency with respect to his bowel movements, fluctuating between constipation and diarrhea, vary day to day: On a bad day, he might use the restroom twenty or more times; and, on a good day, he might use the restroom five to eight times in a day. (AR 409, 417.) He explained his visits to the restroom range from lasting a few minutes to forty-five minutes each.

1  (AR 416-418.)  By the Court's calculation, based on plaintiff's testimony at the
2  administrative hearing, plaintiff could spend anywhere from twenty-five minutes to
3  nine hundred minutes (15 hours) in the bathroom per day, depending on severity of
4  the symptoms he experienced.

The ALJ determined plaintiff's reports of his symptoms are "less than fully credible."  (AR 14.)  Specifically, the ALJ found as follows:

> The undersigned finds the claimant's allegations concerning the intensity, persistence and limiting effects of his symptoms are less than fully credible. The allegations of frequent restroom usage and debilitating pain are inconsistent with the objective medical evidence, which indicates an attempt by the claimant to exaggerate the severity of his symptoms.  The claimant's description of his frequent restroom usage has been so extreme as to appear implausible.

(AR 14-15.)

The ALJ concluded that "[t]he claimant's subjective complaints are less than fully credible and the objective medical evidence does not support the alleged severity of symptoms."  (AR 17.)   The Court concludes the ALJ did not provide legally sufficient reasons for rejecting the alleged severity of plaintiff's subjective complaints.

First, the ALJ improperly mischaracterized plaintiff's testimony as to his symptoms, to support his conclusion that plaintiff's symptoms were "implausible." The ALJ found:

> "The claimant alleged his main problem is his bowel movements.  He maintained he spends up to two hours in the restroom every morning.  He also contended he has to use the restroom up to 20 times a day for about 45 minutes at a time."  (AR 14.)

///

This assessment of plaintiff's testimony is contradicted by plaintiff's clear testimony at the administrative hearing, where he explained how his symptoms vary and gave an estimate of the range of the frequency and duration of his bathroom visits each day. (AR 409, 417.) In finding plaintiff's complaints to be "implausible," the ALJ mischaracterized plaintiff's testimony in a way that overinflates plaintiff's subjective complaints. There is no evidence in the record of plaintiff exaggerating his symptoms. (AR 404.) Accordingly, the ALJ erred in making an adverse credibility determination on this basis.

Second, the ALJ repeatedly stated in his decision that plaintiff's subjective complaints were belied by medical evidence. The ALJ, however, does not cite to any medical evidence that would contradict plaintiff's complaints. The ALJ cites only to two surgeries plaintiff underwent, for removal of colon cancer and to fuse his spine, as being successful in "relieving the symptoms." (AR 15.) The ALJ does not indicate which symptoms were relieved by these surgeries or, more importantly, how these surgeries and their success demonstrate how plaintiff's subjective complaints about his urgent and frequent bowel movements are unsupported by medical evidence. The medical expert even testified that there was no evidence, based on his review of plaintiff's medical records, that plaintiff was exaggerating his bowel movement symptoms. (AR 404.) Moreover, the ALJ "may not discredit [] [plaintiff's] testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." Bunnell, 947 F.2d at 346-347. The ALJ erred in making an adverse credibility determination on this basis.

Third, the ALJ improperly found plaintiff's testimony about his symptoms was undermined by his ability to participate in "every day activities" such as "driving, going out alone, shopping, cooking and occasionally visiting with friends." (AR 15.) There is no evidence in the record as to how often plaintiff has been able to engage

in the aforementioned activities or in what combination, if any; the only evidence shows plaintiff has been able to participate in these activities on occasion and not over extended periods of time, his bowel movement symptoms permitting. (AR 407-418; cf Thomas, 278 F.3d at 953, 959; Morgan v. Comm'r of the Social Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (per curiam).) Moreover, even assuming *arguendo* plaintiff was able to engage in the aforementioned activities each day, the vocational expert testified that, given plaintiff's requirements for access to a bathroom frequently throughout the day, there would be no jobs that could accommodate plaintiff's limitations. (AR 421.) Accordingly, the ALJ's conclusions about plaintiff's ability to participate in every day activities is not supported by the record and his adverse credibility determination on this basis is improper.

In short, Disputed Issue One warrants reversal of the Commissioner's decision. Fair v. Bowen, 885 F.2d at 603.

## **CONCLUSION AND ORDER**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985) (per curiam) (as amended).

This is not an instance where no useful purpose would be served by further administrative proceedings. As such, remand for further administrative proceedings

6

is appropriate. See Bunnell v. Barnhart, 336 F.3d 1112, 1116 (9th Cir. 2003); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003). On remand, the ALJ shall reevaluate plaintiff's subjective complaints and either credit the statements as credible, or provide specific and legitimate reasons for any portion of his testimony that is found not credible.

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: May 28, 2013

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE